**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |
|---|---|
| ANDREW DICKS, <br><br> Petitioner, <br><br> v. <br><br> RONALD SHANE WEBER, <br><br> Respondent. | ) <br> ) <br> ) <br> )   Civil Action No.: 22-cv-1408-LKG <br> ) <br> )   Dated: July 14, 2022 <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM OPINION AND ORDER

On June 9, 2022, this Court received the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner Andrew Dicks asserts a claim that the Maryland Division of Correction is not giving him the benefit of all credits to which he is entitled. Specifically, he asserts that he should be receiving credit against his sentences he acquired in 2006 from a sentence he received in 1995. He states that the sentences he received after he was released from a fifteen-year sentence on mandatory supervision on January 15, 2005. The sentences he received as a result of crimes he committed while on parole supervision were imposed by the courts in Anne Arundel County, Howard County, Baltimore County, and Baltimore City and were all designated as concurrent. The aggregate of the concurrent sentences is 40 years. In Mr. Dicks' view, he should be receiving credit against the 40-year term for time he served on the original term of fifteen-years imposed in 1995 because at hearing on June 10, 2005, the Maryland Parole Commission did not revoke his mandatory supervision; rather, they continued his parole. Mr. Dicks takes issue with the Division of Correction's view that he was paroled to his prison cell. *Id*.

Federal habeas relief is only available for claims asserting a claim that the United States Constitution or another *federal* law has been violated. Absent such a claim, federal habeas relief is unavailable, and the petition fails to state a claim. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding that courts may not issue writs of habeas corpus to "prisoners whose confinement does not violate federal law"); *Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, No. 94-6097, 1994 WL 320212, at *1 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Mr. Dicks' petition must therefore be dismissed without prejudice.[1]

---

[1] Mr. Dicks may have State remedies that are still available to him. Maryland law permits prisoners who are entitled to an immediate release to seek a remedy by filing a State habeas corpus petition. Md. Rule 15-302(a)(1); *see also Maryland House of Correction v. Fields*, 113 Md. App. 136, 140, 686 A. 2d 1103, 1105 (1996) (habeas relief is appropriate where prisoner alleged that prison officials' actions were unauthorized; that he was unlawfully detained and was entitled to immediate release).

Additionally, a certificate of appealability shall not issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented [are] adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C.§ 2253(c)(2). Mr. Dicks may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

For the foregoing reasons, it is this 14th day of July, 2022, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus **IS DISMISSED** without prejudice;
2. A certificate of appealability **IS DECLINED**;
3. The Clerk **SHALL PROVIDE** a copy of this Memorandum Opinion and Order to Petitioner; and
4. The Clerk **SHALL CLOSE** this case.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge